# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LUIS ANTONIO MERCADO ROSARIO, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> COLETTE PETERS, DIRECTOR BOP, ) <br> MICHAEL UNDERWOOD, WARDEN, ) <br> FCI-LORETTO, ) <br> ) <br> Respondents. | Civil Action No. 3:23-cv-212 <br> Judge Stephanie L. Haines <br> Magistrate Judge Keith A. Pesto |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed *pro se* by Luis Antonio Mercado Rosario ("Petitioner") (ECF No. 5). Petitioner is incarcerated at the Federal Corrections Institution at Coleman ("FCI-Coleman"). In his Petition, Petitioner argues that he is entitled to have time credits applied to his sentence and prerelease custody under the First Steps Act ("FSA"). He alleges that the time between his sentencing on August 5, 2021, and the time he was taken into custody at Bureau of Prison's ("BOP") on November 9, 2021, should be considered as it applies to FSA time credits.[1] This matter was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

On April 29, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 16) recommending that the Petition (ECF No. 5) be denied. Petitioner was advised he had fourteen days to file objections to the Report and Recommendation. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. Petitioner has filed no objections, and the time to do so has expired.

---

[1] Petitioner was in the custody of the United States Marshal Service ("USMS") as a holdover inmate before he arrived at his BOP designated facility.

1

Upon *de novo* review of the record and the Report and Recommendation (ECF No. 16) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Magistrate Judge Pesto correctly determined that Petitioner has no right to earn FSA time credits beginning on the date of his sentencing; instead, commencement of the FSA program is based on the time Petitioner is taken into custody by the BOP. A sentence begins when "the defendant is received in custody, awaiting transportation to or arrives voluntarily to commence service of sentence at the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). That said, "An eligible inmate begins earning FSA Time Credits after the inmate's term of imprisonment commences (the date the inmate arrives or voluntarily surrenders at the designated Bureau facility where the sentence will be served.)". 28 C.F.R. §523.42.[2]

As reason would dictate, the inmate must be in BOP custody to earn FSA credits because the FSA requires that BOP undertake an individualized assessment of each inmate and assign appropriate Evidence-Based Recidivism Reduction ("EBRR") and Productive Activities ("PA") programming for the opportunity to earn time credits. Such programming that allows for earned time credit under FSA must be assessed and implemented by the BOP facility. Petitioner's request is contrary to law and as such it will be denied.

---

[2] *Yufenyuy v, FCI Berlin*, 659 F. Supp. 3d 213 (D.N.H 2023) referenced as support by Petitioner is a non-binding decision that stands for the allowance of inmates to earn FSA time credits for all qualified programs, except for programs they participated in before FSA was enacted or before the date their sentence began under 18 U.S.C. § 3585(a). The *Yufenyuy* Court stated that 28 C.F.R. §523.42(a) could not be applied to prevent the petitioner from earning time credits as of the date of his sentencing. *See id.* at 217-18. The *Yufenyuy* ruling is incorrect and contrary to statutory law. 18 U.S.C. §3632(d)(B)(ii) provides that an inmate may not earn time credits for FSA programming completed before "the date the sentence commences under section 3585(a)," it does not provide that an inmate automatically starts earning credit upon sentencing.

2

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 23rd day of May, 2025, IT IS ORDERED that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 5) hereby is DENIED; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 16) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that the Clerk of Court is directed to mark this matter closed.

*Stephanie L. Haines*
Stephanie L. Haines
United States District Judge